# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III.,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BITER,<br><br>        Defendant. | Case No.: 1:18-cv-00761-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 8] |

Plaintiff Willie H. Knox III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 7, 2018, the Court screened Plaintiff's complaint, found that Plaintiff failed to state a cognizable claim, and granted Plaintiff thirty days to file an amended complaint. Over thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, the instant action must be dismissed for failure to state a cognizable claim for relief for the reasons stated in the Court's June 7, 2018, screening order.

///

///

1

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

The Court's June 7, 2018, screening order specifically noted that "[i]f Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommendation that this action be dismissed. (ECF No. 8.) Based on Plaintiff's failure to comply with or otherwise respond to the order, this action should be dismissed. This action, which has been pending June 2018, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983;

2. The Clerk of Court be directed to terminate this action; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

///
///

2

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991

IT IS SO ORDERED.

Dated: __**July 17, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE