# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III., <br><br>  Plaintiff, <br><br> v. <br><br> M. BITER, <br><br>  Defendant. | Case No.: 1:18-cv-00761-AWI-SAB (PC) <br><br> ORDER VACATING JULY 17, 2018 FINDINGS AND RECOMMENDATION AND FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> [ECF Nos. 10, 15] |

Plaintiff Willie H. Knox III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 20, 2018. (ECF No. 15.)

**I.**

**BACKGROUND**

On June 7, 2018, the Court screened Plaintiff's complaint, found that Plaintiff failed to state a cognizable claim, and granted Plaintiff thirty days to file an amended complaint. Over thirty days passed, and Plaintiff did not file an amended complaint or otherwise responded to the Court's order. Accordingly, on July 17, 2018, the undersigned issued Findings and Recommendations recommending

the action be dismissed for failure to state a cognizable claim for relief for the reasons stated in the Court's June 7, 2018, screening order.

On July 20, 2018, Plaintiff filed a motion for an extension of time to file an amended complaint. On July 24, 2018, the Court granted Plaintiff thirty days to file an amended complaint, i.e. on or before August 29, 2018. (ECF No. 12.) In that order, the Court advised Plaintiff that if he failed to file a timely amended complaint, the July 17, 2018 Findings and Recommendations would be submitted to the assigned District Judge for review. (Id.)

On July 30, 2018, Plaintiff filed objections to the Findings and Recommendations and indicated that he mailed his amended complaint to the Court on July 10, 2018. (ECF No. 13.) On July 31, 2018, the Court advised Plaintiff that it had not received Plaintiff's amended complaint and granted Plaintiff thirty days to file an amended complaint. The amended complaint was filed August 20, 2018 (ECF No. 15.) In light of the fact that Plaintiff has filed an amended complaint, the Court will vacate the July 17, 2018 Findings and Recommendations and screening the amended complaint pursuant to 28 U.S.C. § 1915A.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally

construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.
### COMPLAINT ALLEGATIONS

On November 25, 2014, a Unit Classification Committee (UCC) action was taken against Plaintiff at Salinas Valley State Prison, restricting his contact visits with any minor family member or friend. Plaintiff was not made aware that this action would be taken against him during his pre-committee considerations. Plaintiff attended his UCC hearing on November 25, 2014, in absentia and had no chance to state his concerns. Plaintiff has been attempting to regain regular contact visits with minor family members and friends since 2014.

After two years of filing appeals, the Warden Raymond Madden at Centinela State Prison granted Plaintiff an Institutional Classification Committee (ICC) hearing on November 1, 2016. Warden Madden did not allow Plaintiff to voice his needs and concerns with regard to why his visitation with minors should not be restricted.

From 2000 to 2014, Plaintiff had unrestricted minor visits with no problems. Plaintiff has not committed any visiting room infractions at any time during his nineteen years of incarceration, nor been conviction of a crime against any minor that automatically warrants his regular contact visits with minor family members and friends to be restricted pursuant to Title 15 of the California Code of Regulations section 3173.1. There was no evidence to support the visitation restriction.

The California Department of Corrections and Rehabilitation (CDCR) did not follow its own rules and regulations regarding his right to visitation.

Plaintiff requests that the Court remove the restricted contact visitation with minors and order a proper ICC hearing.

3

# IV.

# DISCUSSION

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

With respect to visitation, it is settled law that prisoners have no absolute right to unfettered visitation. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Prisoners also have no right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, $ F.3d 1516, 1523 (9th Cir. 1993). With regard to freedom of association, "an inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131 (2003). In the prison context, some curtailment of that freedom must be expected. Id.; Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.") (quoted in Shallowhorn v. Molina, 572 Fed.Appx. 545 (9th Cir. 2014) ("inmates possess no constitutional right to contact visitation.")

Plaintiff contends that he has been denied contact visitation with any minor and he was denied his right to present a defense. Plaintiff fails to state a cognizable due process claim because he has not established a protected liberty interest in such contact visitation. See, e.g., Valdez v. Woodford, 308

4

Fed.Appx. 181, 182-83 (9th Cir. 2009) ("The district court properly dismissed Valdez's due process claim pursuant to 28 U.S.C. § 1915A because neither federal nor state law has created a protected interest in visitation."). Indeed, Plaintiff has not been denied visitation as he is allowed non-contact visitation with all minors. Plaintiff's claim based on the denial of contact visitation with minors pursuant to Title 15 of the California Code of Regulations Section 3173.1 and California Penal Code section 2601(d) fails to allege a violation of right protected by the Constitution or federal statute. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations). Accordingly, Plaintiff fails to state a due process claim for the loss of contact visitation.

## V.

## ORDER AND RECOMMENDATION

Based on foregoing, it is HEREBY ORDERED that the Court's July 17, 2018 Findings and Recommendation (ECF No. 10) is vacated, and it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 22, 2018__

UNITED STATES MAGISTRATE JUDGE

5